UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-22086-Civ-COOKE/BANDSTRA

DERYL MCKISSACK,

    Plaintiff

vs.

SWIRE PACIFIC HOLDINGS, INC, *et al.*,

    Defendants
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS**

THIS CASE is before me on Defendant Swire Pacific Holdings, Inc.'s Motion to Dismiss. I have reviewed the arguments, the complaint, and the relevant legal authorities. As explained in this order, Swire Pacific's Motion to Dismiss is granted in part and denied in part.

### I. BACKGROUND[1]

In March 2005, the Plaintiff, Deryl McKissack, entered into a contract for the sale and purchase of a residential condominium from the Defendant, Swire Pacific Holdings, Inc. The condominium unit was within Swire Pacific's Asia Project. Ms. McKissack paid $408,000.00 (twenty percent of the purchase price) to Swire Pacific's escrow agent. Swire Pacific used a pooled escrow account for all the deposits for units in the project and did not segregate the deposits per buyer. Swire Pacific also did not create a special escrow account for Ms.

---

[1] These facts are taken from the Second Amended Complaint [ECF No. 45]. *See Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court 'must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.'") (quoting *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986)).

McKissack's deposit payments in excess of 10% of the sale price of the condominium unit.

Ms. McKissack was originally scheduled to close on November 12, 2008, however, at her request, Swire Pacific extended the closing date to December 11, 2008.  The closing did not take place and on January 15, 2009, Swire Pacific sent Ms. McKissack a notice of default letter advising her that Swire was retaining her deposit under the default provisions of the agreement. Both before and after the January 15, 2009 default letter, Ms. McKissack and Swire Pacific agreed to close after the rescheduled closing date; however, the closing never took place.  Swire Pacific never sent a second default letter to Ms. McKissack.  On May 7, 2009, Ms. McKissack sent Swire Pacific a notice cancelling the contract and demanding that her deposit money be returned.  Swire Pacific refused to release the deposit.

Ms. McKissack filed her Second Amended Complaint ("Complaint") on February 10, 2010.  Swire Pacific moved to dismiss counts I, II, V, VI, VII, VIII, and IX of the Complaint. Count I seeks a declaratory judgment that Swire Pacific violated Florida Statute Subsection 718.202(2) by failing to establish a special escrow account for all deposits in excess of 10% of the condominium unit's sale price.  Count II seeks to void the contract on the grounds that Swire Pacific violated Florida Statute Subsection 720.401(1) by failing to provide the required notice of the homeowner association.  Count V alleges that Swire Pacific violated federal law through various misstatements and omissions.  Count VI alleges that Swire Pacific violated Florida law through various misstatements and omissions.  Count VII seeks an equitable lien, and count VIII seeks a constructive trust against Swire Pacific's assets.  Count IX seeks to rescind the contract on the grounds that Swire Pacific violated Florida Statute Subsection 718.202(3) by using deposit money in excess of 10% for various non-construction expenses, including salaries, commissions,

expenses for salespersons, and advertising purposes.

## II. LEGAL STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Detailed factual allegations are not required, but a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.*

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). "A court's review on a motion to dismiss is limited to the four corners of the complaint," and any attachments incorporated into the complaint. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "Dismissal under Federal Rule of Civil Procedure 12(b)(6) on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005).

### III. ANALYSIS

A. **<u>Count I For a Declaratory Judgment That Swire Pacific Failed to Establish a Special Escrow Account in Violation of Florida Statute Subsection 718.202(2)</u>**

Swire Pacific argues that Ms. McKissack's claim for declaratory judgment that Swire Pacific violated Florida Statue Section 718.202 is barred by the four-year statute of limitations. (Mot. to Dismiss 4 [ECF No. 51]). Swire Pacific reasons that this cause of action accrued when Ms. McKissack paid her deposit on July 5, 2005, and she therefore had until July 5, 2009 to bring this claim. Swire Pacific further asserts that this cause of action does not relate back to Ms. McKissack's initial complaint, which was filed on June 29, 2009. (*Id.* at 5). Ms. McKissack argues first that the statute of limitations did not begin to run until she exercised her right to cancel the contract on May 7, 2009. (Pl.'s Resp. 3 [ECF No. 58]). Ms. McKissack argues, in the alternative, that this claim does relate back to the filing of her initial complaint, and also that the delayed discovery doctrine[2] tolled the statute of limitations as to this claim. (*Id.*).

Florida Statue Section 718.202 requires a condominium developer to maintain all pre-construction deposits, in excess of 10% of the purchase price, in a special escrow account. Fla. Stat. § 718.202(2) (2004). "The failure to comply with the provisions of this section renders the contract voidable by the buyer, and, if voided, all sums deposited or advanced under the contract shall be refunded with interest." Fla. Stat. § 718.202(5) (2004). A cause of action to recover amounts paid under a voidable contract accrues at the time when the contract is voided and a demand is made for a return of monies paid under the voided contract. *William Whitman Co. v.*

---

[2] "The delayed discovery doctrine generally provides that a cause of action does not accrue, for statute of limitations purposes, until the plaintiff either knows or reasonably should know of the conduct giving rise to the cause of action." *Yusuf Mohamad Excavation, Inc. v. Ringhaver Equipt., Co.*, 793 So. 2d 1127, 1127 n.1 (Fla. Dist. Ct. App. 2001).

*Universal Oil Prods. Co.*, 125 F. Supp. 137, 173 (D. Del. 1954).

Here, Ms. McKissack's claim for violation of Florida Statue Section 718.202 – failure to maintain separate a special escrow account – accrued on May 7, 2009 when Ms. McKissack notified Swire Pacific of her intent to void the contract and demanded a return of her deposit. The statute of limitations on this claim did not expire before she filed her Second Amended Complaint. Swire Pacific's motion to dismiss count I is denied.

**B.     Count II To Void the Contract For Violating the Disclosure Requirement Under Florida Statue Subection 720.401(1)**

Swire Pacific argues that Count II fails as a matter of law because the disclosure requirements of subsection 720.401(1) do not apply to condominium units. Swire Pacific cites to Florida Statute Subsection 720.401(2) which reads: "This section does not apply to any association regulated under chapter 718 [governing condominiums] . . . ; and also does not apply if disclosure regarding the association is otherwise made in connection with the requirements of chapter 718." Swire Pacific asserts that disclosure regarding the association was "otherwise made" through the condominium prospectus that was provided to Ms. McKissick. (Mot. to Dismiss 15 [ECF No. 51]).

Ms. McKissick argues that since the Asia Project included both a condominium association and homeowner (master) association, that Swire Pacific was required to satisfy the disclosure requirements under both chapter 718 (Condominiums) and chapter 720 (Homeowners' Associations). Ms. McKissick also argues that disclosure regarding the association was not "otherwise made" through the condominium prospectus, because the prospectus failed to include the exact, or substantially similar, language required for disclosure that is set out in subsection 720.401(1)(a).

5

Chapter 720 contemplates situations where a homeowner association is a part of a community consisting of other types of associations, such as condominium associations. *Fla. Farm, LLC v. 360 Developers, LLC*, No. 08-2836, 2010 WL 2836324, at * 1 (Fla. Dist. Ct. App. July 21, 2010). The disclosure requirements of section 720.401 do not apply with respect to a condominium association if the disclosure regarding the association is otherwise made in connection with chapter 718. *Id.*

In this case, Swire Pacific is correct that it is not required to comply with the disclosure requirements under subsection 720.401(1), so long as the disclosure regarding the association was otherwise made in connection with chapter 718. Swire Pacific cites to the condominium prospectus to show that this disclosure was made; however, it is improper to consider materials outside of the complaint in considering the motion to dismiss. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). Swire Pacific's motion to dismiss count II is denied.

**C.     Count V For Damages Under the Interstate Land Sales Transaction Act**

Ms. McKissack claims that Swire violated the Interstate Land Sales Full Disclosure Act ("ILSA"), 15 U.S.C. §§ 1701-1720. Specifically, Ms. McKissick asserts that Swire Pacific violated 15 U.S.C. § 1703(a)(2)(B)[3] through several misstatements and omissions, namely: (1) failing to include language in the contract relating to consumers' rights under Florida Homeowners' Construction Recovery Fund as required by Florida Statute Section 489.1425; (2) failing to include an energy level display card as a contract addendum as required by Florida

---

[3] Title 15, Subsection 1703(a)(2)(B) of the United States Code reads: "It shall be unlawful for any developer . . . with respect to the sale . . . [of] any lot . . . [t]o obtain money or property by means of any untrue statement of material fact, or any omission to state a material fact necessary in order to make the statements made (in light of the circumstances in which they were made and within the context of the overall offer and sale or lease) not misleading, with respect to any information pertinent to the lot or subdivision."

Statute Section 553.9085; (3) failing to include specific disclosures regarding the homeowner association as required by Florida Statute Section 720.401; (4) making various misrepresentations about the size of the condominium unit in violation of Florida Statute Section 718.506; and (5) failing to maintain a "special" escrow account for her deposits as required by Florida Statute Section 718.202.

Swire Pacific argues that Ms. McKissack cannot maintain an action under ILSA because her claims are time-barred since she executed the contract in 2005 and ILSA claims have a three-year statute of limitations. Swire Pacific reasons that Ms. McKissack had all the information she needed to bring these claims at the time she signed the contract, and that the statue of limitations has lapsed. Ms. McKissack responds that she did not discover these violations until sometime in 2008, and the statute of limitations did not begin to run until she discovered the violations. (Pl.'s Resp. 9 [ECF No. 58]).

An action based on ILSA must be filed within "three years after discovery of the violation or after discovery should have been made by the exercise of reasonable diligence." 15 U.S.C § 1711(a)(2). Here, the critical question is when Ms. McKissack should have discovered the violations, through the exercise of reasonable diligence. Ms. McKissack argues that since she is a layperson and a resident of Illinois she was only able to discover Swire Pacific's noncompliance with Florida Statute Sections 489.1425, 553.9085, 720.401, 718.506, and 718.202 after consulting with an attorney. (Pl.'s Resp. 9 [ECF No. 58]).

Regarding her claims that Swire Pacific violated Florida Statute Sections 489.1425 (failing to include language in the contract relating to consumers' rights under Florida Homeowners' Construction Recovery Fund), 553.9085 (failing to include an energy level display

card as a contract addendum), and 720.401 (failing to include specific disclosures regarding the homeowner association), Ms. McKissack is essentially arguing her ignorance of Florida law. Ignorance of the law is not a valid excuse. *Adv. Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 999 (11th Cir. 1997). Ms. McKissack had all of the necessary resources available to her to discover the alleged violations of Florida Statute Sections 489.1425, 553.9085, and 720.401 at the time she signed the contract. She could have consulted an attorney before or immediately after signing the contract, rather than waiting a substantial period of time. It is clear from the face of the complaint that these claims are time-barred and they are therefore dismissed.

Regarding her claims that Swire Pacific violated Florida Statute Sections 718.506 (making various misrepresentations about the size of the condominium unit), and 718.202 (failing to maintain a "special" escrow account for her deposits), Ms. McKissack is essentially arguing her ignorance of the facts. Ignorance of facts may be a valid excuse. *Adv. Estimating Sys.*, 130 F.3d at 999. It is not apparent, from the face of the complaint, when Ms. McKissack knew, or should have known through the exercise of reasonable diligence, that the condominium unit was smaller than was initially represented or that Swire Pacific failed to maintain a special escrow account for her deposit money. Since it is unclear from the face of the complaint whether these claims are time-barred or not, dismissal of Ms. McKissack's ILSA claims, for violation of Florida Statute Sections 718.506 and 718.202, is not appropriate.

**D.**      **Count VI For Damages Under the Florida Deceptive and Unfair Trade Practices Act**

Ms. McKissack claims Swire Pacific violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Specifically, Ms. McKissick asserts that Swire Pacific violated FDUTPA through several misstatements and omissions, namely: (1) failing to include language in

the contract relating to consumers' rights under Florida Homeowners' Construction Recovery Fund as required by Florida Statute Section 489.1425; (2) failing to include an energy level display card as a contract addendum as required by Florida Statute Section 553.9085; (3) failing to include specific disclosures regarding the homeowner association as required by Florida Statute Section 720.401; (4) making various misrepresentations about the size of the condominium unit in violation of Florida Statute Section 718.506; and (5) failing to maintain a "special" escrow account for her deposits as required by Florida Statute Section 718.202. Swire Pacific argues that the claim for violation of the FDUTPA is barred by the statute of limitations.

FDUTPA claims have a four-year statute of limitations. *Yusuf Mohamad Excavation, Inc. v. Ringhaver Equipt., Co.*, 793 So. 2d 1127, 1128 (Fla. Dist. Ct. App. 2001) (citing Fla. Stat. § 95.11(3)(f) (1989)). The delayed discovery doctrine does not generally apply to claims brought under FDUTPA. *Id.*; *see also Davis v. Monahan*, 832 So. 2d 708, 711-12 (Fla. 2002).

Ms. McKissack argues that her FDUTPA claim did not accrue until Swire Pacific informed her that the unit would not be delivered to her despite her having put a down payment on the unit. (Pl.'s Resp. 9 [ECF No. 58]). First, the Complaint does not allege the loss of her down payment as her actual damages. (*See* Second Am. Compl. ¶ 153 [ECF No. 45] (alleging damages in the form of, and to the extent of, the Plaintiff's attorney's fees)). Second, the actual damages recoverable under FDUTPA consists of the difference between the market value of the property in the condition in which it was delivered, and the market value of the property in the condition in which it should have been delivered. *McGuire v. Ryland Group, Inc.*, 497 F. Supp. 2d 1347, 1355 (M.D. Fla. 2007) (citing *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006). The fact that the condominium in this case was never actually delivered does not

change this analysis. The measure of damages would simply be the difference between the value of the property in the condition that it would have been delivered and the value of the property in the condition in which it should have been delivered.

Ms. McKissack's claims that Swire Pacific violated FDUTPA by (1) failing to include language in the contract relating to consumers' rights under Florida Homeowners' Construction Recovery Fund as required by Florida Statute Section 489.1425, (2) failing to include an energy level display card as a contract addendum as required by Florida Statute Section 553.9085, (3) failing to include specific disclosures regarding the homeowner association as required by Florida Statute Section 720.401, and (4) failing to maintain a "special" escrow account for her deposits as required by Florida Statute Section 718.202, all accrued at the time the contract was executed. Since the delayed discovery doctrine is not applicable in the context of the FDUTPA claims, it is clear from the face of the Complaint that these claims are time-barred, and must be dismissed with prejudice.

Regarding Ms. McKissack's allegation that Swire Pacific violated FDUTPA by making various misrepresentations about the size of the condominium unit in violation of Florida Statute Section 718.506, it is not clear that this claim accrued at the time the contract was signed since the contract in this case appears to have been signed pre-construction. Ms. McKissack has, however, failed to adequately plead her damages, as explained above. This claim will be dismissed without prejudice.

E.      **Counts VII and VIII For an Equitable Lien and a Constructive Trust**

Ms. McKissack alleges Swire Pacific used a portion of her deposit in excess of 10% of the purchase price for purposes other than those that are allowed under Florida Statue Section

718.202.  Ms. McKissack seeks an equitable lien imposed against the condominium property and a constructive trust on all the proceeds in the possession of, or collected by, the developer sufficient to satisfy her damages.  Swire Pacific argues that counts VII and VIII fail to state a cause of action for an equitable lien and constructive trust because there already exists an adequate remedy at law that was plead throughout the complaint.

A constructive trust is an equitable remedy that applies when the property at issue was obtained by fraud and there is no adequate remedy at law.  *Bender v. Centrust Mortg. Corp.*, 51 F.3d 1027, 1029-30 (11th Cir. 1995).  An equitable lien is a right recognized in equity to have property applied in payment of a particular debt.  *Loomis v. Priest*, 274 F.2d 513, 517 (5th Cir. 1960).  Where a plaintiff pleads adequate legal remedies, the plaintiff may not alternatively maintain an action in equity.  *Edd Helmes Elec. Contracting, Inc. v. Barnett Bank of S. Fla., N.A.*, 531 So. 2d 238, 238 (Fla. Dist. Ct. App. 1988).  Monetary damages are an adequate remedy at law.  *See Cohen Fin., LP v. KMC/EC II, LLC*, 967 So. 2d 224, 227 (Fla. Dist. Ct. App. 2007).

Throughout the Complaint, Ms. McKissack pleads and demands monetary damages.  (*See, e.g.,* Second Am. Compl. ¶¶ 79, 92 (seeking monetary damages in the amount of $408,000.00) [ECF No. 45]).  Since Ms. McKissack pleaded adequate legal remedies, she may not alternatively maintain her causes of action for an equitable lien and a constructive trust.  Swire Pacific's motion to dismiss counts VII and VIII is granted.

**F.    Count IX To Rescind the Contract for Violation of Florida Statute Subsection 718.202(3)**

Count IX alleges that, despite an agreement between Ms. McKissack and Swire Pacific to attempt to close on the property after the date originally agreed to, the escrow agent improperly disbursed, and Swire Pacific accepted, Ms. McKissack's deposit money in "default."  (Second

11

Am. Compl. ¶¶ 171, 176-77 [ECF No. 45]). From that foundation, Ms. McKissack alleges, upon information and belief, that Swire Pacific used the wrongfully disbursed deposit money for expenses other than for construction of the condominium, specifically for salaries, commission, expenses of salespersons, and advertising. (Second Am. Compl. ¶ 169-71 [ECF No. 45]).

Swire Pacific argues that count IV should be dismissed because there is no factual basis for the allegations that Swire Pacific used the deposits in excess of 10% for salaries, commission, expenses of salespersons, and advertising. (Mot. to Dismiss 21 [ECF No. 51]). Swire Pacific also argues that count IV fails to state a claim because the Complaint admits that Ms. McKissack was in default, and once in default, that Swire Pacific was entitled to retain the deposits unrestrained by the limitations of Florida Statute Subsection 718.202(3). (*Id.* at 19 [ECF No. 51]).

Ms. McKissack has articulated enough facts to state a claim to relief that is plausible on its face. Ms. McKissack alleges that she and Swire Pacific "agreed to attempt to close after the rescheduled closing date." (Second Am. Compl. ¶ 175 [ECF No. 45]). This allegation supports the reasonable inference that Ms. McKissack was not in default when her deposit was disbursed to Swire Pacific. Based on these facts, it is also a reasonable inference that once Swire Pacific received her deposit from the escrow agent, which Swire contended was defaulted, Swire Pacific used the money for expenses other than for construction of the Condominium, including for salaries, commission, expenses of salespersons, and advertising. Swire Pacific's motion to dismiss count IX is denied.

## IV. Conclusion

For the reasons explained in this order, Defendant Swire Pacific Holdings Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 51 is **GRANTED in part** and

**DENIED in part** as follows:

1. Swire Pacific's Motion to Dismiss is denied as to counts I and II of the Complaint.

2. The Plaintiff's claims under count V for violation of ILSA brought under Florida Statute Sections 489.1425, 553.9085, and 720.401 are dismissed with prejudice. The Plaintiff's claims under count V for violation of ILSA brought under Florida Statute Sections 718.506 and 718.202 remain.

3. The Plaintiff's claims under count VI for violation of FDUTPA brought under Florida Statute Sections 489.1425, 553.9085, 720.401, and 718.202 are dismissed with prejudice. The Plaintiff's claim under count VI for violation of FDUTPA brought under Florida Statute Section 718.506, is dismissed without prejudice. The Plaintiff is granted leave to file an amended complaint within fourteen days of this order.

4. Counts VII and VIII of the Complaint are dismissed with prejudice.

5. Swire Pacific's Motion to Dismiss is denied as to count IX of the Complaint.

**DONE and ORDERED** in chambers, at Miami, Florida, this 15th day of September 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*