UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-22086-Civ-COOKE/BANDSTRA

DERYL MCKISSACK,

    Plaintiff

vs.

SWIRE PACIFIC HOLDINGS, INC, *et al.*,

    Defendants

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

THIS MATTER is before me on Defendant Swire Pacific Holdings, Inc.'s Motion to Dismiss Third Amended Complaint with Incorporated Memorandum of Law. (ECF No. 134). I have reviewed the arguments, the complaint, and the relevant legal authorities. As explained in this order, Defendant's Motion to Dismiss is granted in part and denied in part.

### I. BACKGROUND

Plaintiff Deryl McKissack alleges in her Third Amended Complaint that in March 2005, she entered into a contract for the sale and purchase of a residential condominium from the Defendant, Swire Pacific Holdings, Inc. ("Swire Pacific"). The condominium unit was within Swire Pacific's Asia Project. Ms. McKissack claims that she paid $408,000.00 (twenty percent of the purchase price) to Swire Pacific's escrow agent. Swire Pacific used a pooled escrow account for all the deposits for units in the project and did not segregate the deposits per buyer. According to Ms. McKissack, Swire Pacific did not create a special escrow account for her deposit payments in excess of 10% of the sale price of the condominium unit.

Ms. McKissack states that she was originally scheduled to close on November 12, 2008; however, at her request, Swire Pacific extended the closing date to December 11, 2008. The closing did not take place, and on January 15, 2009, Swire Pacific sent Ms. McKissack a notice of default letter advising her that Swire was retaining her deposit under the default provisions of the agreement. Both before and after the January 15, 2009 default letter, Ms. McKissack claims she and Swire Pacific agreed to close after the rescheduled closing date had passed; however, the closing never took place. Swire Pacific never sent a second default letter to Ms. McKissack. On May 7, 2009, Ms. McKissack sent Swire Pacific a notice cancelling the contract and demanding that her deposit money be returned. Swire Pacific refused to release the deposit.

Ms. McKissack filed her Third Amended Complaint ("Complaint") on September 29, 2010. (ECF No. 118). Swire Pacific now moves to dismiss Counts II, III, IV, V, and VI of the Complaint. Count II seeks rescission of the contract for violations of Fla. Stat. § 718.506 due to misstatements in Swire Pacific's advertising and promotional materials. Count III seeks damages for violations of Fla. Stat. § 718.506 due to misstatements in Swire Pacific's advertising and promotional materials. Count IV alleges that Swire Pacific violated federal law through various misstatements and omissions. Count V alleges that Swire Pacific violated Florida law through various misstatements and omissions. Count VI seeks to rescind the contract on the grounds that Swire Pacific violated Fla. Stat. § 718.202(3) by using deposit money in excess of 10% for various non-construction expenses, including salaries, commissions, expenses for salespersons, and advertising purposes.

## II. LEGAL STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Detailed factual allegations are not required, but a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555). A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.*

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A complaint is subject to dismissal under Rule 12(b)(6) "when the allegations—on their face— show that an affirmative defense bars recovery on the claim." *Marsh v. Butler Cnty, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

"A court's review on a motion to dismiss is limited to the four corners of the complaint," and any attachments incorporated into the complaint. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see* Fed. R. Civ. P. 10(c) ("[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). "[A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [a court] may consider such a document if that document is central to the plaintiff's claims." *Daewoo Motor Am., Inc. v.*

*Gen. Motors*, 459 F.3d 1249, 1266 n.11 (11th Cir. 2006); *see also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (explaining that a "court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed," *i.e.* "the authenticity of the document is not challenged"). If a document that is appended pursuant to Rule 10(c) forecloses recovery as a matter of law, dismissal is appropriate. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

### III. ANALYSIS

**A.     Plaintiff Makes a Sufficient Showing of Reasonable Reliance to Survive Dismissal**

Counts II and III of Ms. McKissack's Complaint assert causes of action based on Fla. Stat. § 718.506(1). Ms. McKissack makes the following allegations in support of these counts: (i) the project's website, sales brochures, and other materials stated that the unit she intended to purchase (the "unit") measured 4,363 square feet; (ii) she specifically chose the unit because of this material element; (iii) she reasonably relied on the false and misleading advertising and promotional materials; and (iv) the unit was in fact of a substantially smaller size. Compl. ¶¶ 51-60, 64-73.

Florida Statute § 718.506(1) provides, in relevant part:

> Any person who, in reasonable reliance upon any material statement or information that is false or misleading and published by or under authority from the developer in advertising and promotional materials, including, but not limited to, a prospectus, the items required as exhibits to a prospectus, brochures, and newspaper advertising, pays anything of value toward the purchase of a condominium parcel located in this state shall have a cause of action to rescind the contract or collect damages from the developer for his or her loss prior to the closing of the transaction.

Thus, to state a cause of action under Fla. Stat. § 718.506(1), a plaintiff must show that: (1) the

4

defendant made a false or misleading statement; (2) the statement was published in promotional materials; (3) the statement was material; and (4) the plaintiff reasonably relied upon the statement. *See Garcia v. Santa Maria Resort, Inc.*, 528 F. Supp. 2d 1283, 1295 (S.D. Fla. 2007).

"It is well-settled under Florida law that a plaintiff's reliance on a defendant's alleged prior misrepresentations that contradict the express terms of an ensuing written agreement is unreasonable as a matter of law." *Kaufman v. Swire Pac. Holdings, Inc.*, 675 F. Supp. 2d 1148, 1152 (S.D. Fla. 2009); *see also Eclipse Med., Inc. v. Am. Hydro-Surgical Instruments, Inc.,* 262 F. Supp. 2d 1334, 1342 (S.D. Fla. 1999), *aff'd*, 235 F.3d 1344 (11th Cir. 2000) (holding, in fraudulent inducement case, that "reliance on fraudulent representations is unreasonable as a matter of law where the alleged misrepresentations contradict the express terms of the ensuing written agreement").

Swire Pacific argues that, as to both counts, Ms. McKissack has failed to state a claim for which relief can be granted because she has not shown reasonable reliance. Ms. McKissack's Complaint alleges that she executed a Purchase and Sales Agreement (attached as Exh. A to Compl.). According to Swire Pacific, the Agreement was an ensuing written contract that contained express terms that informed Ms. McKissack that the dimensions of the floor plan were subject to change. Ms. McKissack therefore could not reasonably rely on the dimensions contained in the sales brochure layout sketch (attached as Exh. G to Compl.).

In response, Ms. McKissack argues that there are two ambiguities in the Agreement. First, she notes that the Agreement incorporates the Condominium Documents by reference and the Condominium Documents refer to the layout sketch, but the Agreement also states that "[a]ny current or prior agreements, representations, understandings or oral statements of sales

representatives or others, if not expressed in this Agreement are void and have no effect." Contract ¶39.  Second, Ms. McKissack argues that an ambiguity arises from the fact that the Condominium Documents provide one method of measuring square footage while the Declaration provides another.

A court may not engage in contract interpretation at the motion to dismiss stage, as these arguments are more appropriate for summary judgment.  *See, e.g.*, *Moran v. Crystal Beach Capital, LLC*, No. 10-1037, 2011 WL 17637, at *4 (M.D. Fla. Jan. 4, 2011).  Because the Agreement may contain ambiguous terms, Ms. McKissack's reliance cannot be said to be unreasonable as a matter of law.  As a result, Ms. McKissack has made sufficient allegations to survive dismissal.

Count IV of Ms. McKissack's Complaint states a claim for violations of the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. § 1703(a)(2)(B), on the ground that Swire Pacific failed to provide Ms. McKissack with a contract that complied with Fla. Stat. § 718.506. Compl. ¶ 86.  Count V of the Ms. McKissack's Complaint states a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA"), Fla. Stat. § 501.204, on the ground that Swire Pacific published false and misleading advertising and promotional materials in violation of Fla. Stat. § 718.506.  Compl. ¶ 111.

Swire Pacific argues that because Ms. McKissack cannot establish reasonable reliance under Fla. Stat. § 718.506, these counts should also dismissed.  I have found that Ms. McKissack's allegations under Fla. Stat. § 718.506 are sufficient to survive dismissal.  Therefore, Ms. McKissack's claim for violations of ILSFDA and FDUPTA must similarly remain.

**B.      Plaintiff's Election the Remedies is Premature**

Swire Pacific argues that Counts III, IV, and V of Ms. McKissack's Complaint must be dismissed because they are claims for damages and Ms. McKissack has repudiated the Agreement. Swire Pacific notes that Ms. McKissack sent letters to Swire Pacific demanding rescission of the contract and thereby elected the remedy of rescission. Ms. McKissack does not respond to this argument in its opposition to Swire Pacific's motion to dismiss.

"Under Florida law, when a party has alternative, inconsistent remedies, his choice of one remedy precludes further pursuit of the second. For example, a party suing for breach of contract must select the remedy of either damages or rescission." *In re Alchar Hardware Co., Inc.*, 764 F.2d 1530, 1534 (11th Cir. 1985). Ms. McKissack has admittedly pursued the remedy of rescission throughout her dealings with Swire Pacific. *See* Compl. ¶¶ 21, 23. Ms. McKissack's Complaint also pursues the remedy of rescission—Count I seeks to void the Agreement for violation of Fla. Stat. § 720.410; Count II seeks rescission of the Agreement for violation of Fla. Stat. § 718.506; and Count VI seeks rescission of the Agreement for violation of Fla. Stat. § 718.202.

An election between inconsistent remedies, however, "is made after a verdict is entered but prior to the entry of judgment." *Wynfield Inns v. Edward LeRoux Group, Inc.*, 896 F.2d 483, 488 (11th Cir. 1990). It is premature, at this stage of litigation, to require that Ms. McKissack make an election of remedies.

**C.      Failure to Properly Plead Damages Under FDUPTA AND ILSFDA**

Swire Pacific argues that Ms. McKissack has failed to sufficiently plead actual damages under ILSFDA (Count IV) and FDUPTA (Count V). Ms. McKissack argues that her damages

calculations are adequate.

FDUPTA declares unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204.  A cause of action under FDUPTA has three elements:  (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.  *McGuire v. Ryland Group, Inc.*, 497 F. Supp. 2d 1347, 1355 (M.D. Fla. 2007) (citing *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006)).   Actual damages are calculated as "the difference in the market value of the product or service in the condition it which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties." *McGuire*, 497 F. Supp. 2d at 1355 (quoting *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006)).

At the motion to dismiss stage, I must take all well-pled allegations as true.  Ms. McKissack's Complaint makes sufficient allegations that she suffered actual damages.  Ms. McKissack states that the unit that she intended to purchase was valued at $2,040,000 for 3,813 square feet, which amounts to $535.00 per square foot.  Compl. ¶ 116.  She alleges that she received 400 square feet less than what was promised.  Compl. ¶ 117.  Ms. McKissack claims that the difference in the market value is $213,000.00, which is the amount of her actual damages. Compl. ¶ 117.  Ms. McKissack is required only to make "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).  Ms. McKissack has Plaintiff has met this low burden at this stage of litigation.

Swire Pacific relies on one Florida Circuit case—*Maas v. Terragon Corp.*, No. 06-020841 (02), 2009 WL 434810, at **10-11 (Fla. Cir. Ct. Jan. 13, 2009)—as support for the proposition

8

that square footage alone is insufficient to determine damages. I need not decide the question of exactly how much Ms. McKissack should recover in damages, if anything, at this stage. I need only determine if Ms. McKissack's FDUPTA allegation is sufficient to survive dismissal. I find that it is.

ILSFDA provides that "a court may order damages, specific performance, or such other relief as the court deems fair, just, and equitable." 15 U.S.C. § 1709(a). Swire Pacific argues that Ms. McKissack's claim should be dismissed because she has failed to plead that the fair market value of her apartment was anything different than the contract price. Swire Pacific provides no support for its position that the difference in contract price and the fair market value of the unit is the sole means of calculating damages under ILSFDA. In fact, 15 U.S.C. § 1709(a) provides various factors the court may consider, but is not limited to, in calculating damages. For example, this Court has recently held that a plaintiff could seek damages award for an ILSFDA violation consisting of the deposit paid to the developer. *See First Global Corp. v. Mansiana Ocean Residences, LLC*, No. 09-21092, 2011 WL 197376, at *2 (S.D. Fla. Jan. 20, 2011). In her Complaint, Ms. McKissack alleges that she has suffered damages, including "monetary losses, inconvenience, loss of use of the Escrow Deposits and interest thereon, and other incidental and consequential damages, including without limitation, financial expenditures, travel expenses, and loss of business opportunities." Compl. ¶ 97. Ms. McKissack includes in her prayer for relief under Count IV a request for the return of her escrow deposit and any and all damages recoverable under law. Ms. McKissack has therefore sufficiently alleged damages under ILSFDA.

Finally, Swire Pacific argues that Ms. McKissack has failed to sufficiently plead damages

under Fla. Stat. § 718.506. Swire Pacific acknowledges that this statute does not state what damages are available under that cause of action. Swire Pacific cites no case law of precedential value to support its proposition that price per square foot damages analysis is not recognized under Fla. Stat. § 718.506, and I have similarly found none. As such, Ms. McKissack's claim for damages under Fla. Stat. § 718.506 will stand.

D.      **Plaintiff's ILSFDA Claim Under 15 U.S.C. § 1703(a)(1)(B) is Time-Barred**

Ms. McKissack's Complaint makes several allegations which amount to violations of 15 U.S.C. §1703(a)(1)(B). This statute provides that it is unlawful to sell or lease any lot unless a printed property report meeting the Act's requirements is furnished to the purchaser or lessee before the signing of any contract or agreement. Compl. ¶¶ 80-84. It is unclear—and Ms. McKissack in her response to Swire Pacific's motion to dismiss does not clarify—whether she states a claim under 15 U.S.C. § 1703(a)(1)(B).

Swire Pacific correctly points out that such a claim would be time-barred under 15 U.S.C. § 1711(a)(1), which provides that that no action can be maintained for a violation of § 1703(a)(1) more than three years after the date of signing of the contract of sale or lease. Ms. McKissack signed the contract for sale of the unit on March 17, 2005, and filed this action on July 1, 2009, more than three years after the date of signing the contract. Thus, to the extent Ms. McKissack did intend to state a claim under 15 U.S.C. § 1703(a)(1)(B), it is dismissed with prejudice.

E.      **Count VI Does Not Fail to State a Claim**

Count VI alleges that Swire Pacific violated Fla. Stat. § 718.202 by wrongfully disbursing Ms. McKissack's escrow deposit. Swire Pacific argues Ms. McKissack fails to state a claim as to this Count because the Complaint admits that Ms. McKissack was in default, and once in default,

Swire Pacific was entitled to retain the deposits unrestrained by the limitations of Fla. Stat. § 718.202(3).

Ms. McKissack has articulated enough facts to state a claim to relief that is plausible on its face.  Ms. McKissack alleges that she sent a letter on November 13, 2008, before the closing date of December 11, 2008, requesting a ninety-day extension.  Compl. ¶¶ 123-24.  Ms. McKissack also alleges that she and Swire Pacific "agreed to attempt to close after the rescheduled closing date." Compl. ¶ 127.  This allegation supports the reasonable inference that Ms. McKissack was not in default when her deposit was disbursed to Swire Pacific.  Based on these facts, it is also a reasonable inference that once Swire Pacific received her deposit from the escrow agent, which Swire contended was defaulted, Swire Pacific used the money for expenses other than for construction of the Condominium, including for salaries, commission, expenses of salespersons, and advertising.  Swire Pacific's motion to dismiss Count VI is denied.

### IV. CONCLUSION

For the reasons explained in this Order, Defendant Swire Pacific Holdings Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 51 is **GRANTED in part and DENIED in part** as follows:

1. Swire Pacific's Motion to Dismiss is denied as to Counts II, III, V, and VI of the Complaint.
2. The Plaintiff's claim under Count IV for violation of ILSFDA, 15 U.S.C. §1703(a)(1)(B), is dismissed with prejudice.  The Plaintiff's claim under Count IV for violation of ILSFDA, 15 U.S.C. § 1703(a)(2)(B) remains.

**DONE and ORDERED** in chambers, at Miami, Florida, this 31st day of March 2011.

_____
MARCIA G. COOKE
United States District Judge


Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*